UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI, et al., | No. 2:24-cv-03173-TLN-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER AND |
| CHI SOO KIM, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiffs Gregory Bisi and Laurie Bisi paid the filing fee and initiated this civil action without counsel. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Plaintiffs filed their complaint in the present action on November 15, 2024, alleging the sole defendant, Magistrate Judge Chi Soo Kim, violated their rights by issuing orders and findings and recommendations in another case plaintiffs filed in this court.[1] (ECF No. 1.) The present complaint is barred by the doctrine of judicial immunity, is otherwise without merit, and should be dismissed without leave to amend.

**I.  Legal Standard**

This court may dismiss claims without merit on the court's own motion under Fed. R. Civ. P. 12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court

---

[1] Plaintiffs' other case at issue in the underlying complaint is Bisi v. Chase Auto J.P. Morgan Chase Bank, N.A., Case No. 2:23-cv-2508-TLN-CSK.

1

may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."). Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     Discussion

Plaintiffs' complaint is barred by the doctrine of judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

Here, plaintiffs allege Magistrate Judge Kim issued orders and findings and recommendations in their case which violated their rights. (ECF No. 1 at 3-7.) Plaintiffs allege, specifically, they "rejected the obstructive intervention of any Article I (administrative) official" and thus that Magistrate Judge Kim's handling of the case violated their rights and illegally forced the case into "an administrative venue." (Id.)

Because the actions giving rise to the complaint are solely related to the judicial process and are not outside the scope of Magistrate Judge Kim's jurisdiction, Magistrate Judge Kim has absolute immunity from this suit. See Olson v. Idaho State Board of Medicine, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). "Allegations of malice or bad faith in the execution of the [judicial] officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." Demoran, 781 F.2d at 158.

Further, plaintiffs misconstrue 28 U.S.C.A. § 636 to the extent they appear to claim that their non-consent to jurisdiction by a United States Magistrate Judge in a prior case rendered a magistrate judge unauthorized to issue pretrial orders and findings and recommendations in that case. Notwithstanding any provision of law to the contrary—

////

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, … [….]
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) [and other specified matters].
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

28 U.S.C.A. § 636(b)(1). In addition, by local rule in this district court, magistrate judges are authorized to "perform all duties permitted" by 28 U.S.C. § 636(b)(1)(A). See Local Rule 302. In light of the above, plaintiffs fail to identify any action by Magistrate Judge Kim unauthorized by 28 U.S.C.A. § 636.

Thus, the complaint does not state a claim upon which relief can be granted and is patently frivolous. As leave to amend would be futile, the undersigned will recommend dismissal of this action with prejudice. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### III.    Conclusion, Order, and Recommendation

In light of the recommendation to dismiss plaintiffs' complaint, IT IS HEREBY ORDERED that all pleading, discovery, and motion practice in this action is STAYED pending resolution of the findings and recommendations. With the exception of any objections to the findings and recommendations, the court will not entertain or respond to any motions or other filings until the findings and recommendations are resolved.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiffs' complaint be dismissed with prejudice and without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, bisi24cv3173.fr